IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                      No. CR 00-48 MV

GARY ONIS CLINE,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE AND**
**INCORPORATED REQUEST FOR APPLICATION OF THE "SAFETY VALVE"**

**THIS MATTER** came before the Court on Defendant's Motion for Downward Departure and Incorporated Request for Application of the "Safety Valve." The Court, having considered the objection **[Doc. 36]** and response **[Doc. 40]** and being otherwise fully informed, finds that the objection is not well-taken and will be **DENIED**.

**FACTUAL BACKGROUND**

Defendant was convicted by a jury of possession with the intent to distribute over 500 grams of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841 (b)(1)(A), and 18 U.S.C. § 2. Defendant committed the offense subsequent to a prior felony drug conviction involving less than eight (8) ounces of marijuana and two months prior to the expiration of his term of probation for that offense.

In Defendant's Pre-Sentence Report (PSR), the Probation Office assessed Defendant three criminal history points. The first was assessed under U.S.S.G. § 4A1.1(c) for a prior conviction. The second and third were assessed under U.S.S.G. § 4A1.1(d) for having committed the instant

offense while under supervision for his prior conviction. These points place Defendant in Criminal History Category II. Defendant moves the Court to downward depart Defendant's Criminal History from Category II to Category I under U.S.S.G. § 4A1.3 for over-representing his criminal history. After the downward departure, the Defendant then requests the Court to render him qualified for the "safety valve" exception to the mandatory minimum under 18 U.S.C. § 3553(f)(1) and U.S.S.G. § 5C1.2(1).

## ANALYSIS

In order to qualify for the "safety valve" exception, Defendant must not have more than one (1) criminal history point as determined under U.S.S.G. § 4A1.1. U.S.S.G. § 5C1.2(1). In this case, Defendant has three (3) criminal history points. While the Court has the authority to downward depart Defendant's Criminal History Category Level, it has no authority to decrease the number of criminal history points he was assessed. *See United States v. Owensby,* 188 F.3d 1244, 1246-47 (10th Cir. 1999). ("[W]hile U.S.S.G. § 4A1.3 affords a sentencing court discretion to determine whether a criminal history category accurately reflects a defendant's criminal history, nothing in U.S.S.G. § 4A1.1 suggests that the sentencing court has any discretion with respect to the calculation of a defendant's criminal history score: Section 4A1.1 is a mechanistic provision which merely instructs the sentencing court to add points for various carefully-defined criminal history occurrences.") Because Defendant would be carrying three (3) criminal history points even with a downward departure, granting a downward departure would not effectuate what Defendant is seeking, namely bringing him under the mandatory minimum.

## CONCLUSION

THEREFORE, IT IS ORDERED that the Defendant's motion for a downward departure and request for the safety valve exception **[Doc. 36]** are DENIED.

The Court has left to consider Defendant's Objection to his Pre-Sentence Report **[Doc. 35].** In his motion, Defendant objects to the counting of a prior conviction for possession of marijuana because he alleges that the conviction was the result of a stop, search, and seizure which violate the Fourth Amendment. No determination was made about the constitutionality of the stop, search, and seizure because Defendant's counsel advised him to waive his rights to challenge any Fourth Amendment violation in exchange for a plea bargain.

THEREFORE, IT IS FURTHER ORDERED that the Court will hold an evidentiary hearing on the constitutionality of the stop, search, and seizure. At the hearing, the officer who stopped, searched, and found Defendant in possession of the marijuana, Officer Rodney Arthur Court, will testify. The counsel who represented the Defendant during the prior conviction shall testify also. This matter has therefore been rescheduled for **Friday, March 16, 2001 at 11:00 a.m., in Las Cruces, New Mexico.**

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT COURT

Attorney for Government
Renee Camacho

Attorney for Defendant
Mario A. Esparza