## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                     No. CR 00-48 MV

GARY ONIS CLINE,

      Defendant.

## MEMORANDUM OPINION AND ORDER DENYING
## DEFENDANT'S OBJECTION TO TEN-YEAR PENALTY ENHANCEMENT

**THIS MATTER** came before the Court on Defendant's Objection to Ten-Year Penalty Enhancement. The Court, having considered the objection **[Doc. 37]** and response **[Doc. 41]** and being otherwise fully informed, finds that the objection is not well-taken and will be **DENIED**.

### FACTUAL BACKGROUND

Defendant was convicted by a jury of possession with the intent to distribute over 500 grams of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841 (b)(1)(A), and 18 U.S.C. § 2. Prior to trial and as provided by 21 U.S.C. § 851, the United State provided notice to Defendant and the Court that it would be relying upon Defendant's prior California felony drug conviction in 1996 to apply the enhanced ten year penalty provision of 21 U.S.C. § 841 (b)(1)(A).

The statutory range for the term of imprisonment for conviction of possession with intent to distribute over 500 grams of a mixture and substance containing methamphetamine is ten (10) years to life. 21 U.S.C. § 841(b)(1)(A). If the person convicted committed the violation after a prior conviction for a felony drug offense, the statutory term of imprisonment becomes twenty

(20) years to life.  Id.  The United States now moves this Court to sentence Defendant to twenty

years imprisonment.

Defendant objects to the ten-year penalty enhancement.  Defendant argues that after the

Supreme Court's decision in *Apprendi v. New Jersey,* 2000 WL 807189 (June 26, 2000), that as a

matter of due process, Defendant's alleged prior marijuana conviction is an element of a separate

offense, and that it must be charged by indictment, submitted to the jury, and proven beyond a

reasonable doubt.

## ANALYSIS

In *Apprendi*, the Supreme Court held that where a sentencing fact will be utilized to

increase a sentence beyond the statutory *maximum* for which Defendant was convicted, other than

a prior conviction, that fact must be pled and proved to a jury and found beyond a reasonable

doubt.  *Id.* (emphasis added).  In this case, the United States is seeking a sentence below the

statutory maximum of life imprisonment, and thus *Apprendi* does not apply.  Because the

Supreme Court's ruling in *Apprendi* does not apply, the Court finds that Defendant's objection to

the ten-year penalty enhancement based on *Apprendi* is not well taken.

## CONCLUSION

THEREFORE, IT IS ORDERED that the Defendant's objection to the ten-year penalty

enhancement **[Doc. 37]** is DENIED.

The Court has left to consider Defendant's Objection to his Pre-Sentence Report **[Doc.**

**35].**  In his motion, Defendant objects to the counting of a prior conviction for possession of

marijuana because he alleges that the conviction was the result of a stop, search, and seizure

which violate the Fourth Amendment.  No determination was made about the constitutionality of

2

the stop, search, and seizure because Defendant's counsel advised him to waive his rights to challenge any Fourth Amendment violation in exchange for a plea bargain.

THEREFORE, IT IS FURTHER ORDERED that the Court will hold an evidentiary hearing on the constitutionality of the stop, search, and seizure. At the hearing, the officer who stopped, searched, and found Defendant in possession of the marijuana, Officer Rodney Arthur Court, will testify. The counsel who represented the Defendant during the prior conviction shall testify also. This matter has therefore been rescheduled from Friday, March 16, 2001 at 9:00 a.m., to **Wednesday, March 14, 2001 at 3:00 p.m., at the United States Courthouse, 3rd Floor, 200 E. Griggs Avenue, Las Cruces, New Mexico.**

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT COURT

Attorney for Government
Renee Camacho
Attorney for Defendant
Mario A. Esparza